UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER XAVIER BECK,

                Petitioner,

    v.

STATE OF WASHINGTON,

                Respondent.

CASE NO. 2:20-cv-00333-RSM-BAT

**REPORT AND RECOMMENDATION**

On March 1, 2020, petitioner, Christopher Xavier Beck, submitted a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus. Dkt. 1. The habeas petition is not formally filed because petitioner submitted it without paying the filing fee or filing an application to proceed *in forma pauperis. Id.*

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition. The habeas petition indicates petitioner seeks relief from a conviction entered in the King County Superior Court but omits the date of conviction or case number. The Court takes judicial notice petitioner was convicted in King County Superior case number 14-1-01420-8 for three counts of first degree rape and one count of second degree robbery and filed a direct appeal. *See State of Washington v. Christopher Xavier*

REPORT AND RECOMMENDATION - 1

*Beck*, 200 Wn. App. 1035 (Div. I. 2017). Although petitioner indicates he did not seek higher review of the state court of appeals' decision affirming his conviction, the Court takes judicial notice the Washington Supreme Court denied review on January 3, 2018. *See State of Washington v. Christopher Xavier Beck,* 189 Wn.2d 1036 (2018).

Having reviewed the habeas petition the Court finds it suffers from several fatal deficiencies. First, petitioner has not presented to the state courts any of the grounds for relief presented in the habeas petition. Second, the habeas petition was filed beyond the statute of limitations and is time-barred. And third none of the grounds for relief asserted support relief. Because these deficiencies cannot be cured by amendment, the Court recommends the habeas petition be dismissed with prejudice, and that a certificate of appealability (COA) not be issued.

## DISCUSSION

**A.    Claims Raised in the Habeas Petition**

The habeas petition avers "The State of Washington does not have the jurisdictional authority to decide on the United States Constitution matters, which are outside it's jurisdictional or statutory governing limits." *Id*. at 5. In ground one, petitioner contends his conviction and sentence are invalid because he was not charged by Grand Jury Indictment in violation of the Fifth Amendment. *Id.*

In ground two, petitioner contends his conviction and sentence are invalid because Washington State "is acting in willful defiance of federal statutes by denying its residents the same Constitutionally guaranteed rights for due process of the law that are available to residents of several states." *Id*. at 7.

In ground three, petitioner contends his conviction and sentence are invalid and thus he has been enslaved in violation the Thirteenth Amendment. *Id.* at 8-9.

And in ground four, petitioner contends his rights under the Fifth and Fourteenth Amendments have been violated because he was convicted and sentenced for a crime brought without a Grand Jury Indictment. *Id.* at 10.

**B.    Exhaustion**

Petitioner may pursue federal habeas relief only after he has exhausted state judicial remedies by fully and fairly presenting his claims to the highest state court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A).[1] *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal and state comity that is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Id.* at 276.

Thus, petitioner was required to raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner affirmatively avers he did not present any of his claims to the state courts. *See* Dkt. 1 at 5,7, 9, Each of the claims contained in his federal petition are therefore unexhausted. Petitioner contends the state courts lack the "jurisdictional authority to decide on United States Constitution matters." Dkt. 1 at 5. This contention fails to excuse his failure to exhaust because federal habeas relief is available only where the state court's adjudication was contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court of the United

---

[1] This section states that "An application for a writ of habeas corpus on behalf of a person in cusody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

REPORT AND RECOMMENDATION - 3

States. In other words, state courts have the authority to determine whether the federal constitutional rights of a state criminal defendant were violated, and in a habeas action, federal courts are limited to reviewing the state courts' determination regarding those federal rights.

A federal court must dismiss a habeas petition if all claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."). As petitioner avers he has never presented his grounds for relief to the state courts, his federal petition is unexhausted and should be dismissed.

**C.    Petitioner's Claims Lack Merit**

Even if plaintiff had exhausted the claims asserted in his federal habeas petition, none of the claims have any merit and the petition should therefore be dismissed.

*1.    Requirement of Grand Jury Indictment*

Petitioner contends his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment as required by the Fifth Amendment. The contention lacks merit because it has long been settled there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information).

*2.    Thirteenth Amendment and Slavery*

Petitioner also contends his conviction and sentence violate the Thirteenth Amendment's prohibition against slavery. It is unclear what facts support the contention. If petitioner is

claiming he performs work activity in the prison in violation of the Thirteenth Amendment, the claim fails. Although the Thirteenth Amendment prohibits slavery and involuntary servitude, it explicitly exempts forced labor that is imposed as punishment pursuant to a criminal conviction. U.S. Const. Amend. XIII. "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States .... "*Id*. § 1. The Thirteenth Amendment thus does not apply where prisoners are required to work in accordance with prison rules. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994).

If plaintiff is claiming the Thirteenth Amendment is violated because his conviction was obtained without grand jury indictment and is invalid, the claim also fails. As noted above a state may charge a criminal defendant by information and the failure to utilize a grand jury does not offend the due process clause. Petitioner has thus failed to present facts that would establish, in the slightest, a violation of the Thirteenth Amendment.

**D.    The Federal Statute of Limitations, 28 U.S.C. § 2244(d)**

Federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." In some cases, "direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Here the Washington Supreme Court denied review on January 3, 2018. Petitioner's state judgement therefore became final on April 3, 2018 when the 90 day period to seek review in the United States Supreme Court expired. The federal statute of limitation thus began to run on that date and expired one year later on April 3, 2019. The habeas petition that

REPORT AND RECOMMENDATION - 5

petitioner submitted in March 2020 is clearly outside the federal habeas statute of limitations and accordingly is time-barred and should be dismissed.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Habeas Rule 11(a). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court recommends a COA not be issued. No jurist of reason would find it debatable whether the district court was correct in its ruling that petitioner has submitted seeks habeas relief for claims he has failed to present to the state courts, which also lack merit, and are time-barred. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

For the foregoing reasons, this Court recommends the present federal habeas petition be dismissed with prejudice. The Court further recommends a certificate of appealability not be issued, and that the issue of whether *in forma pauperis* status be granted be stricken as moot. A proposed order and judgment accompany this Report and Recommendation.

## OBJECTIONS

This Report and Recommendation is not an appealable order. Petitioner should therefore not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 6

1  Any objections to this Recommendation must be filed no later than **March 23, 2020**.

2 The Clerk shall note the matter as ready for the Court's consideration on Friday**, March 27,**

3 **2019.** Objections shall not exceed 8 pages. The failure to timely object may affect

4  DATED this 9th day of September 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 7